JAMES E. OUTWATER, Respondent, *v.* JEREMIAH MOORE, Appellant.

Plaintiff's complaint alleged, in substance, that defendant had taken down a line fence between the lands of the parties and erected a new fence upon plaintiff's land, also that he had raised a dam on his land to a greater heighth than he was entitled to, thereby causing the water to overflow upon and injure plaintiff's lands. The relief asked for was that the defendant be required to return the fence to the proper line, to lower his dam, and for damages. The trial court found as a fact that the fence built by defendant was not upon plaintiff's land, but upon the line between his and defendant's land and marks the same; it found in favor of plaintiff as to the dam, and as a conclusion of law that the dam should be lowered as specified. The court refused to find, as a conclusion of law, as reqested by defendant, that the latter was entitled to a judgment declaring that the fence in question "is not upon plaintiff's land, but upon the line between plaintiff's and defendant's lands." The judgment recited none of the facts found, except such as were favorable to plaintiff, and it contained no adjudication upon the issue relating to the division fence. *Held,* error; that the issue as to the fence was a material one, and defendant was entitled to the fruit of the finding of facts in his favor by having such an adjudication made as would, by matter of record, estop the plaintiff from reopening the controversy; and that as the complaint could not be dismissed upon the merits, plaintiff having succeeded in part, defendant's only protection was an express direction for judgment in his favor, to the extent required by the facts found.

Also *held,* that the error might be corrected on appeal without ordering a new trial, it being the duty of the appellate court to declare the law and apply it to the facts already found, and thus protect the parties from further litigation.

(Argued December 1, 1890; decided January 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 13, 1888, which modified, and affirmed as modified, a judgment entered upon the decision of the court at Special Term ; also appeal from so much of said order as modified, and affirmed as modified, an order of Special Term denying a motion to conform the judgment to the findings and for other relief.

The plaintiff alleged in his complaint that on the 7th day of June, 1883, he owned certain premises in the town of Red Hook, Dutchess county, and that the defendant on or about that day entered thereupon, took down a fence that stood thereon and removed the same ; that he also " then and there erected another fence, and said new fence was not erected upon the true division line between the land of plaintiff and defendant, nor upon the line of the old fence, but upon the land of the plaintiff, without any right or authority in the defendant so to do, and dug holes, trod down grass and otherwise injured plaintiff's premises to his great damage (amounting to) twenty-five dollars."

As a second cause of action plaintiff alleged that in 1882 the defendant erected a dam across a creek that flowed through said premises, upon the site of an old dam, " and where he had a right to erect it to a certain height," but that he " wrongfully raised the same two feet higher than the old dam or than he had a right to raise or build the same," and thereby caused the water to overflow and injure the said lands.   The prayer for relief was that the defendant be compelled to lower his dam to its proper level, return the fence to its proper line and pay the plaintiff the sum of $125 as damages.   The answer was a general denial.

The action was tried before the court without a jury, and the justice presiding found the facts in favor of the defendant upon the first issue, and in favor of the plaintiff upon the second, and, as a conclusion of law, "that the dam erected across said creek or stream be lowered fourteen inches throughout its whole length by defendant on or before May 15, 1884, and that plaintiff recover from the defendant the sum of six cents damages and his costs and disbursements in this action."   The judgment subsequently entered recited none of the facts found, except such as were favorable to the plaintiff, and it contained no adjudication upon the issue relating to the division fence.   Thereupon the defendant, upon due notice, moved at Special Term for relief in various forms, and among other things, " for an order that the judgment herein

be made to follow and conform to the findings herein as to the line fence between the parties," but the motion was denied, with ten dollars costs. Upon appeal to the General Term both from the judgment and from the order denying said motion, the former was so modified as to require the defendant to lower his dam ten inches instead of fourteen, and so as to provide that the plaintiff should recover neither costs nor disbursements of the action. The order was also modified by striking out the award of costs and both the judgment and order, as thus modified, were affirmed without costs to either party.

Further facts are stated in the opinion.

*Homer A. Nelson* for appellant. Defendant's exception to the admission in evidence and use of the deed from Jacob W. Moore, which was conceded to be no part of the chain of title of either party to the action, without proof of its accuracy in any respect were well taken. (*Duryea* v. *Vosburgh,* 121 N. Y. 68 ; *Brague* v. *Lord,* 67 id. 495–499.) To sustain a verdict when evidence has been erroneously admitted, it must very clearly appear that no injury could possibly have resulted from the error. (*Duryea* v. *Vosburgh,* 121 N. Y. 68.)

*Daniel W. Guernsey* for respondent.

· VANN, J. The learned trial justice found as a fact " that the fence, mentioned in plaintiff's complaint and alleged to have been built by defendant on plaintiff's land, is not upon plaintiff's land, but upon the line between plaintiff and defendant and marks the same," but he refused to find, upon the request of the defendant, as a conclusion of law, " that the defendant is entitled to judgment herein, declaring that the fence mentioned in the complaint is not upon the land of plaintiff, but is upon the line between plaintiff's and defendant's lands." The defendant excepted to this ruling and now insists that he has been denied a substantial right by the refusal of the court to find the conclusion of law required by the facts as

established, and to adjudge that the fence in question is upon the true line of division between the lands of the parties.

The issue relating to the location of the fence was tendered by the plaintiff, accepted by the defendant and thoroughly tried by both parties without question as to form or remedy. It was a material issue upon which the first cause of action set forth in the complaint mainly depended. When the trial court found the facts in favor of the defendant, he was entitled to the fruit of the finding by having the law properly applied, and such an adjudication made as would, by matter of record, estop the plaintiff from reopening the controversy. It, therefore, became the duty of the court, upon the request of the defendant seasonably made, to direct such a judgment in his favor as the established facts required, so that there might be authentic, permanent and indisputable evidence of record as to his rights. As the complaint could not be dismissed upon the merits, because the plaintiff succeeded on the second cause of action, the defendant could have adequate protection only by an express direction for judgment in his favor to the extent that the facts were found in his favor. This the learned trial judge, doubtless through inadvertence, refused to do, although a request in proper form was presented to him at the proper time. Fortunately this error is corrigible upon appeal without ordering a new trial, as it is the duty of the appellate court to declare the law and apply it to the facts already found, and thus protect the parties from the evil of further litigation.

The judgment, therefore, should be so modified as to adjudge that the fence mentioned in the complaint is not upon the lands of the plaintiff, but is upon the line between the lands of the plaintiff and defendant, and as thus modified, affirmed, but, as the defendant's appeal was general and there is no other question requiring consideration, without costs in this court to either party.

All concur.

Judgment accordingly.