JOHN D. CUTTER, Respondent and Appellant, v. GUDEBROD BROTHERS COMPANY, Appellant and Respondent.

PRACTICE — WHEN APPELLATE DIVISION HAS NO POWER TO INCORPORATE FINDINGS OF FACT IN ORDER MODIFYING JUDGMENT. Where a trial justice has filed his decision stating concisely the grounds upon which the issues in the case were decided by him, the Appellate Division has no power to incorporate into an order modifying the judgment entered thereon findings of fact and conclusions of law, upon the ground that "the case was one in which findings of fact should be made," since under section 1022 of the Code of Civil Procedure the trial court or referee has the exclusive power to formulate the decision upon the issues, and upon which judgment must be entered.

*Cutter* v. *Gudebrod Brothers Co.*, 44 App. Div. 605, affirmed.

(Argued October 16, 1901; decided November 26, 1901.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 27, 1900, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to obtain an injunction restraining the defendant from manufacturing and selling spool silk,

stamped or marked with the name of the plaintiff, and for an accounting and damages.

*Robert B. Honeyman* for plaintiff, respondent and appellant. The trial court correctly determined that Mr. Cutter never assigned any right to stamp his name, John D. Cutter, or that of his firm, John D. Cutter & Co., on the product of the corporation, and its determination is a question of fact and is not subject to review in this court. (*Huwer* v. *Dannenhoffer,* 82 N. Y. 499 ; *Hazard* v. *Caswell,* 93 N. Y. 267 ; *Morgan* v. *Schuyler,* 79 N. Y. 490 ; *Chesterman* v. *Seeley,* 18 C. C. App. 631 ; *Kidd* v. *Johnson,* 100 U. S. 617 ; *Howe* v. *Searing,* 10 Abb. Pr. 264 ; *Matter of Randell,* 8 N. Y. Supp. 652 ; *Matter of Lehigh I. Co.,* 12 C. C. 257 ; *Matter of Adams,* 24 Misc. Rep. 293 ; *Bellows* v. *Bellows,* 24 Misc. Rep. 484.) The right to stamp plaintiff's name on the end of a spool of silk could not be assigned, because the evidence shows that the name so stamped indicates to the public the manufacturer, and it is a guaranty that the silk was made by or under the direction of the plaintiff. (26 Am. & Eng. Ency. of Law, 371 ; Brown on Trade Marks, § 361 ; *Matter of Swezey,* 62 How. Pr. 218 ; *Samuel* v. *Berger,* 24 Barb. 163 ; *Koehler* v. *Sanders,* 122 N. Y. 74 ; *Newman* v. *Alvord,* 51 N. Y. 192 ; *P. Mfg. Co.* v. *P. M. P. Co.,* 135 N. Y. 37 ; *M. M. Co.* v. *Wood,* 108 U. S. 218 ; *Matter of Adams,* 24 Misc. Rep. 293 ; *Hazard* v. *Caswell,* 93 N. Y. 267.)

*G. H. Crawford* for defendant, appellant and respondent. The comprehensive transfer of a going business for a valuable consideration, such as was made in this case, carries with it by necessary implication the good will and trade marks appertaining to the business, even if they are not mentioned in any document of transfer. (*Merry* v. *Hoopes,* 111 N. Y. 415 ; *C. & E. S. Co.* v. *H. R. C. S. Co.,* 45 N. Y. 291 ; *Sohier* v. *Johnson,* 111 Mass. 243 ; *Allegretti* v. *Allegretti Co.,* 177 Ill. 129 ; *Hoxie* v. *Chaney,* 143 Mass. 129 ; *F. B. W. Co.* v. *L. B. W. Works,* 82 Wis. 546 ; *Robinson* v. *Storm,* 103

33

Tenn. 40; *E. Nat. W. Co.* v. *I. W. C. Co.*, 21 Sup. Ct. Rep. 273; *Hutchins* v. *Hebbard*, 34 N. Y. 24; *Juilliard* v. *Chaffee*, 92 N. Y. 529.) The finding at Special Term, assuming it to be one of fact, is wholly without evidence to sustain it. (*Wood* v. *Seely*, 32 N. Y. 116.) The transfer embraced an exclusive property in the trade name " Cutter's Silk; " that is, the corporation acquired the sole right to advertise itself as the maker of " Cutter's Silk." (*G. & H. Mfg. Co.* v. *Hall*, 61 N. Y. 226; *Churton* v. *Douglas*, 1 Johns. [Eng.] 174; *Hudson* v. *Osborne*, 39 L. J. Ch. [N. S.] 79; *Am. W. W. Co.* v. *U. S. W. Co.*, 173 Mass. 85; *C. T. Co.* v. *Armitage*, 74 Fed. Rep. 940; *H. Co.* v. *H. S. Co.*, 144 N. Y. 468; *Siegert* v. *Findlater*, L. R. [7 Ch. Div.] 801; *Read* v. *Richardson*, 45 L. T. [N. S.] 54; *Arnheim* v. *Arnheim*, 28 Misc. Rep. 399.) Before the Cutter Silk Manufacturing Company was formed, the name " John D. Cutter," and the firm name " John D. Cutter & Co.," as stamped on the ends of spools of silk, had become trade marks, distinguishing the product of plaintiff's firm from the thread of other thread manufacturers. (*Le. Page Co.* v. *R. C. Co.*, 51 Fed. Rep. 943; *W. Baker & Co.* v. *Baker*, 77 Fed. Rep. 181; *W. Baker & Co.* v. *Sanders*, 80 Fed. Rep. 889; *Massam* v. *T. F. Co.*, 42 L. T. Rep. [N. S.] 851; *W. R. Mfg. Co.* v. *R. W. Rogers Co.*, 66 Fed. Rep. 66; *Allegretti* v. *Allegretti Co.*, 177 Ill. 129; *Filkins* v. *Blackman*, 13 Blatchf. 440; *Hoxie* v. *Chaney*, 143 Mass. 592; *R. N. Co.* v. *Richmond*, 159 U. S. 293; *McLane* v. *Fleming*, 96 U. S. 245.) Proper name trade marks may be transferred either by express assignment, or by legal implication, the same as trade marks not containing a proper name. (*Le Page Co.* v. *R. C. Co.*, 51 Fed. Rep. 943; *H. Co.* v. *H. S. Co.*, 144 N. Y. 469; *W. R. Mfg. Co.* v. *R. & S. Co.*, 11 Fed. Rep. 499; *L. C. Co.* v. *Am. L. C. Co.*, 11 Jur. [N. S.] 513; *Dr. D. K. Corp.* v. *Kennedy*, 165 N. Y. 353.) Defendant, though it asks to be protected by injunction in the ownership of the trade name and trade marks hereinbefore described, recognizes fully plaintiff's right to use his own name in a new business,

provided such use does not imply or suggest that the new business is a continuation of the old business which he sold. (*Clark Thread Case,* 74 Fed. Rep. 940 ; *Baker's Chocolate Case,* 80 Fed. Rep. 889 ; *Brinsmead* v. *Brinsmead,* L. R. [1 Ch.], 406 ; *Allegretti Co.* v. *Keller,* 85 Fed. Rep. 643.)

*Per Curiam.* The Appellate Division modified the judgment recovered by the plaintiff in this action and incorporated in its order findings of fact and conclusions of law, for the reason therein assigned, that the trial justice having " filed his decision stating concisely the grounds upon which the issues in the case were decided by him," it appeared that " the case was one in which findings of fact should be made." We think this practice is without authority in the Code of Civil Procedure, whose provisions limit the functions of the Appellate Division, upon an appeal from a judgment or an order, to reversing or affirming, wholly or partly, or modifying, the judgment or order and to the granting of a new trial or hearing. (§ 1317.) By section 1022 of the Code the trial court or the referee is authorized either to state separately the facts found and the conclusions of law, or to file a decision stating concisely the grounds upon which the issues have been decided, and in the latter case, upon the defeated party's filing an exception to such decision, on an appeal from the judgment, " the Appellate Division of the Supreme Court shall review all questions of fact and of law and may either modify or affirm the judgment or order appealed from, award a new trial, or grant to either party the judgment which the facts warrant." The latter procedure was followed in the present case, with the exception that the appellate court undertook to state the findings of fact and conclusions of law which it considered the case required. In our opinion, the power to formulate the decision upon the issues, and upon which the judgment must be entered, rested exclusively with the trial tribunal.

Upon the argument in this court counsel waived all objections based upon the action of the Appellate Division referred

to, and while we do not approve of the practice followed by that court, under the circumstances, we have concluded to disregard the error in that respect. We think that the judgment, as modified by the Appellate Division, is right and that it should be affirmed, and to remit the case to that court could have, practically, no different result, inasmuch as the modification relates solely to the extent to which the injunction should go in restraining the defendant from using the name of the plaintiff in its business. The findings made are of no greater scope than would be given to the "concise" decision of the trial court, which is deemed the equivalent of a general verdict, with respect to the presumptions in its support. These findings would be omitted from the order of the court and it would return to us unchanged in its directions.

We affirm the judgment appealed from ; but, in so doing, we deem it proper to add that we construe the determination below to be that, under the transfer by the assignee of the Cutter Silk Manufacturing Company to the defendant of the business of the spool silk department of the former corporation, the cabinets passed, which bore upon them the words "Cutter Spool Silk," and which contained spools of silk for display and advertising purposes. The plaintiff, by transferring them to the corporation, which he had formed to conduct the business of manufacturing spool silk, had included them in the property which was the subject of his transfer and must be deemed to have waived any right to object to the use of his name in that respect. The opinion of the Appellate Division so states ; but we do not wish the judgment to be misinterpreted in that respect.

The judgment should be affirmed, without costs to either party as against the other.

GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur ; PARKER, Ch. J., absent ; CULLEN, J., not sitting.

Judgment affirmed.