HERBERT S. DIXON, Respondent, *v.* THOMAS L. JAMES et al., Defendants, and ABEL H. GILBERT, Appellant.

1. APPEAL — WHEN APPELLATE COURT HAS POWER TO AWARD FINAL JUDGMENT. To justify an appellate court in awarding final judgment it must appear that the facts upon which the right of recovery rests are undisputed and cannot be varied upon another trial, or that they are established by official records, or that they have been specifically found by the jury or trial court.

2. APPEAL — ERRONEOUS MODIFICATION OF JUDGMENT BY APPELLATE DIVISION. Where in an action brought against the former directors and officers of a corporation, dissolved for insolvency, to indemnify the plaintiff for money invested by him in the stock of the corporation, the plaintiff claiming that the investment was induced by false and fraudulent representations of the defendants, the trial court decided in favor of all of the defendants except the manager of the company, whom it found guilty of fraud as charged in the complaint, but found that the plaintiff suffered nominal damages only, whereupon judgment was entered against the manager for six cents without costs and in favor of the other defendants with costs, and the plaintiff appealed therefrom, the Appellate Division has no power to modify such judgment so as to direct that the plaintiff should recover from the manager the amount invested with interest thereon; on the facts found by the trial court the plaintiff was not entitled to the judgment awarded by the Appellate Division, since that court found that the plaintiff was entitled to nominal damages only, and "fraud without resulting in pecuniary damages is not a ground for the exercise of remedial jurisdiction in equity."

*Dixon* v. *James*, 97 App. Div. 637, modified.

(Argued February 27, 1905; decided March 7, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 29, 1904, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Hepburn Russell, William Beverly Winslow* and *John E. Ruston* for appellant.

*Edward P. Lyon* and *Percival C. Smith* for respondent.

9

CULLEN, Ch. J.   The action was brought against the former directors and officers of the Anglo-American Savings & Loan Institution, a corporation which had been dissolved on account of insolvency, and a receiver of its assets appointed, to indemnify the plaintiff for money invested by him in the stock of such corporation, which investment was charged in the complaint to have been induced by false and fraudulent representations of said directors and officers.   The trial court found the present appellant guilty of fraud as charged in the complaint, but acquitted the other defendants.   The court further found that the damages sustained by reason of the appellant's fraud were the sum of six cents.   On this decision judgment was entered against the appellant for six cents damages, without costs, and in favor of the other defendants for their costs. The plaintiff appealed from the judgment to the Appellate Division.   That court affirmed the judgment below in favor of the defendants other than the appellant Gilbert.   As to him the judgment of the Special Term was modified so as to direct that the plaintiff recover from said defendant Gilbert the sum of $792.58, the amount invested by the plaintiff, with interest, and that the plaintiff transfer to said defendant the stock held by him in said corporation.   The judgment recites that the Appellate Division has unanimously decided that the findings of the trial court are supported by the evidence, except as to the defendant Gilbert.   From the judgment of the Appellate Division the defendant Gilbert alone has appealed to this court.

We think the action of the Appellate Division in granting final judgment against the appellant was unwarranted.   On the facts found by the trial court the plaintiff was not entitled to the judgment awarded him by the Appellate Division. The court found that the plaintiff suffered only nominal damages, and "fraud without resulting in pecuniary damages is not a ground for the exercise of remedial jurisdiction in equity." (Pomeroy's Equity Jurisprudence, § 898.)   The Appellate Division had power to reverse the finding of the trial court on this question, but it had no right to substitute therefor another

finding of its own. (*Van Beuren* v. *Wotherspoon*, 164 N. Y. 368; *N. Y. Bank Note Co.* v. *Hamilton B. N., Engr. & Pr. Co.*, 180 id. 280.) The learned counsel for the respondent contends that the principle declared in the cases cited is not applicable to the one at bar because, as he insists, the proof of the damage sustained by the plaintiff is uncontroverted. We are inclined to take a different view of the evidence, but if his claim as to the character of the proof were conceded, still the result for which he contends would not follow. The subject of the propriety of the Appellate Division or of this court on appeal granting final judgment in favor of an appellant has been considered by us in many cases, the latest of which are *Benedict* v. *Arnoux* (154 N. Y. 715) and *Matter of Chapman* (162 id. 456), in which all the earlier decisions are discussed. It was there held that to justify an appellate court in awarding final judgment it must appear that the facts upon which the right of recovery rests are undisputed and cannot be varied upon another trial, or that they are established by official records, or that they have been specifically found by the jury or trial court. In the present case the pleadings put in issue all the allegations of fraud and damage upon which the plaintiff's claim is based, and upon the trial the charge of fraud was sharply contested and the subject of conflicting evidence. The defendant Gilbert was satisfied with the judgment because it awarded only nominal damages against him. He took no appeal therefrom, nor did he except to the decision of the trial court because in result, at least, it was favorable to him. A respondent's objections and exceptions have no place in a case on appeal. It is entirely possible that if the decision of the trial court had imposed on the defendant Gilbert the same liability as the judgment of the Appellate Division has he would, on appeal from the judgment, have been able to show either that the finding of fraud was erroneous in fact, or that there had been errors committed in the admission or exclusion of evidence for which it would be necessary to set that finding aside. Under the practice adopted in the present case, he is now in a worse position than if the trial court had

awarded the same judgment as the Appellate Division did, in that he is substantially deprived of any chance to review errors. To bring the case within the rule declared in *Benedict* v. *Arnoux* (*supra*) it is not sufficient that the proof as to a single fact or issue should be uncontroverted, but all the facts necessary to make out the cause of action or to establish the defense must be of the same character.

The order of the Appellate Division should be modified so as to reverse the judgment of the Special Term and grant a new trial, instead of awarding final judgment against the appellant, and as modified affirmed, without costs of appeal to either party.

Gray, O'Brien, Bartlett, Haight, Vann and Werner, JJ., concur.

Ordered accordingly.