Frank Duclos, Respondent, *v*. Solomon Kelley, Appellant.

Equity — when answers to questions submitted to jury in equity action do not constitute a special verdict — appellate court has no power to order final judgment in favor of appellant unless the facts are conceded, uncontrovertibly established or found by the trial court.

The court does not by submitting two of several questions of fact in an equity action to a jury for their answer constitute such answers a special verdict. It is in substance a trial by the court without a jury, and a decision upon the whole evidence with the aid of the findings of the jury upon the questions of fact submitted to it.

An appellate court has no power to render a final judgment in favor of the appellant unless the facts are conceded, uncontrovertibly established by record or otherwise, or found by the trial court. Questions of fact are to be tried and determined in a court of original jurisdiction, and where the judgment appealed from, in the form of a modification of the judgment of the trial court, is not sustained by the findings of fact, it is wholly unauthorized.

*Duclos* v. *Kelly*, 122 App. Div. 329, reversed.

(Argued November 30, 1909; decided December 17, 1909.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 23, 1907, upon an order which modified a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term by directing that the defendant be enjoined from cutting or removing timber from property described in the complaint, and that the defendant pay to the plaintiff the costs of the action, and as thus modified affirming the judgment appealed from, with costs to the plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. J. Vert* for appellant. The decision of the Appellate Division was unauthorized and not within its jurisdiction to make. (*Van Siclen* v. *City of New York*, 172 N. Y. 504;

*Dixon* v. *James*, 181 N. Y. 129; *Putnam* v. *L. S. D. Co.*, 191 N. Y. 180; *N. Y. B. N. Co.* v. *H. B. N. Co.*, 180 N. Y. 280; *New* v. *Village of New Rochelle*, 158 N. Y. 41; *Howells* v. *Herrick*, 160 N. Y. 308.)

*Adelbert W. Boynton* for respondent. The Appellate Division had power to modify the judgment of the Trial Term and rightly used it to prevent further litigation, under the authority of sections 1187 and 1317 of the Code of Civil Procedure. (*Niemoller* v. *Duncomb*, 59 App. Div. 614; 172 N. Y. 621; *Purchase* v. *Matteson*, 25 N. Y. 211; *Benedict* v. *Arnoux*, 154 N. Y. 715; *Outwater* v. *Moore*, 124 N. Y. 66; *Sayre* v. *State of N. Y.*, 123 N. Y. 291; *Elterman* v. *Hyman*, 117 App. Div. 519; *United Stores Corpn.* v. *Haight*, 126 App. Div. 291.)

Chase, J.   This action is brought to enjoin the defendant from cutting certain growing timber from the lands in the complaint described. The issues were tried, and one of the principal contentions at the trial related to the construction of a written contract by which the plaintiff authorized the defendant for the consideration therein named to cut pine, spruce and hemlock upon certain lands therein described. The action was tried as one in equity, but a jury being present was impaneled by the court, and at the close of the testimony the court submitted to the jury two questions to be answered by them, viz.:

"1. Was it understood by both parties to this action that the pine, spruce and hemlock sold by the plaintiff to the defendant by the agreement dated August 10, 1903, included the pine, spruce and hemlock upon this parcel of land held by the plaintiff under contract of purchase from Myra Boardman?

"2. What if any damage did the plaintiff sustain by reason of cutting of timber on the Myra Boardman lot?"

The jury answered the first question in the negative and to the second question they answered "No damage."

The action relates wholly to the alleged cutting by the

defendant of timber on the Myra Boardman lot and all the timber so alleged to have been cut by him, at the time of the trial remained in piles upon the land where cut. After the jury answered the questions submitted to them they were dismissed and the court held the action for further consideration and thereafter made findings of fact and conclusions of law. In the findings of fact the court did not expressly adopt the first finding of the jury. Among the findings of fact are the following:

"*Twenty-fourth.* There is no proof in the case that the plaintiff has suffered any damage from any act of the defendant.

"*Twenty-fifth.* There is no proof in this case that the plaintiff would suffer any irreparable damage by the continued cutting by the defendant of the timber in question in this action.

"*Twenty-sixth.* There is no proof in the case that the defendant threatens or has threatened to continue to cut the timber on the parts of lots 77 and 78 Peru Bay Tract, Essex county, N. Y., owned by and in the possession of the plaintiff at the time of the commencement of this action.

"*Twenty-seventh.* There is no proof in this case that money damages would not fully compensate the plaintiff for any injury done him through the cutting by the defendant of the timber on the lands in lots 77 and 78 Peru Bay Tract, Essex Co., owned by and in possession of the plaintiff at the time of the commencement of this action."

And among the conclusions of law the court found:

"*First.* The plaintiff has not proven facts sufficient to entitle him to the equitable relief of a permanent injunction against the defendant as prayed for in the complaint herein.

"*Second.* The plaintiff has not proven facts sufficient to give the court jurisdiction to grant the equitable relief of a permanent injunction restraining the defendant from further cutting timber on the parts of lots 77 and 78 Peru Bay Tract, Essex County, owned by and in possession of the plaintiff at the time of the commencement of this action.

"*Seventh.* No cause of action has been proven by the plaintiff against the defendant herein.

"*Eighth.* The defendant is entitled to a judgment of nonsuit dismissing the plaintiff's complaint, with costs."

Judgment was thereupon entered against the plaintiff in favor of the defendant, in which the court repeats the conclusions of law and dismisses the plaintiff's complaint, with costs.

An appeal was thereupon taken to the Appellate Division, where an order was made modifying the judgment, but which modification is in effect an unqualified reversal of such judgment, and judgment was also directed in favor of the plaintiff and against the defendant for the equitable relief prayed for in the complaint, with costs.

The court did not, by submitting two of several questions of fact to the jury for their answer, constitute such answers a special verdict. (Code Civil Procedure, section 1186; *Carr* v. *Carr*, 52 N. Y. 251.) All the material facts in the action were not submitted to the jury. It was in substance a trial by the court without a jury and a decision upon the whole evidence with the aid of the findings of the jury upon the two questions of fact submitted to it. Judgment could not be directed upon the answers to such two questions by an appellate court as provided by section 1187 of the Code of Civil Procedure in case of a special verdict where all of the material facts have been found. The general power of the Appellate Division upon an appeal from a judgment is to reverse or affirm, wholly or partly, or modify the judgment appealed from, and it may if necessary or proper grant a new trial or hearing. (Code of Civil Procedure, section 1317.) An appellate court can declare the law and apply it to the facts already found and thus protect the parties from the evil of further litigation. (*Outwater* v. *Moore,* 124 N. Y. 66.) It may reverse for errors of law and the Appellate Division may reverse because the findings or verdict are against the weight of evidence, in either of which cases a new trial should be granted, but an appellate court has no power to render a final

judgment in favor of the appellant unless the facts are conceded, uncontrovertibly established by record or otherwise, or found by the trial court. Questions of fact are to be tried and determined in a court of original jurisdiction. (*Putnam* v. *Lincoln Safe Deposit Co.*, 191 N. Y. 166 ; *Benedict* v. *Arnoux*, 154 N. Y. 715 ; *Van Siclen* v. *City of New York*, 172 N. Y. 504 ; *Dixon* v. *James*, 181 N. Y. 129 ; *N. Y. Bank Note Co.* v. *Hamilton Bank Note E. & P. Co.*, 180 N. Y. 280 ; *Matter of Chapman*, 162 N. Y. 456 ; *Lopez* v. *Campbell*, 163 N. Y. 340 ; *Van Beuren* v. *Wotherspoon*, 164 N. Y. 368 ; *Cutter.* v. *Gudebrod Bros. Co.*, 168 N. Y. 512.)

The findings of fact that we have quoted are material in determining the conclusions of law, and they sustain the judgment rendered at the Trial and Special Term. It does not appear that the Appellate Division reversed any particular finding of fact as against the weight of evidence or otherwise, and we do not find that any error of law harmful to the plaintiff was made by the court at the Trial and Special Term. As the judgment appealed from in the form of a modification of the judgment of the Trial and Special Term is not sustained by the findings of fact, it is wholly unauthorized. The judgment of the Appellate Division should, therefore, be reversed, and as the findings of fact made at the Trial and Special Term remain undisturbed and are sufficient to sustain the judgment based on such findings, the judgment of the Trial and Special Term should be affirmed, with costs in this court and in the Appellate Division.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment accordingly.