ROBERT B. HIRSCH et al., Copartners under the Firm Name of WILLIAM OPENHYM & SONS, Appellants, *v.* THE NEW ENGLAND NAVIGATION COMPANY, Defendant, and FERDINAND S. FERGUSON, SR., et al., Doing Business under the Firm Name of F. S. FERGUSON & SON, Respondents.

Appeal — an appellate court may affirm or reverse for any reason regardless of that stated for the decision of the court below — demurrer — only allegations of the pleadings can be considered in deciding the issues raised by a demurrer.

In deciding an issue of law the appellate court may affirm or reverse an order or judgment upon any ground and for any reason that such court may decide to be controlling, regardless of the ground or reason stated in deciding such issue by the Special or Trial Term.

Upon a demurrer only the allegations of the pleadings are to be considered. No inference or assumption can be indulged in except such as properly arises from the pleading to which the demurrer is served, and where the complaint charges a joint promise on the part of the defendants and a failure on their part to perform their contract, it states one cause of action against both defendants.

*Hirsch* v. *New England Navigation Co.*, 129 App. Div. 178, reversed.

(Argued December 7, 1910; decided December 16, 1910.)

APPEAL from a final judgment, entered February 1, 1909, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed an interlocutory judgment of Special Term sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wilson E. Tipple* and *George W. Plitt* for appellants. The Appellate Division was restricted in its consideration on appeal to the question of law passed upon by the Special Term. (*Matter of Fitzsimmons*, 174 N. Y. 15; *Matter of Chapman*, 162 N. Y. 456.) Causes of action are not improperly united and there is but a single cause of action stated against defendants Ferguson and the New England Naviga-

tion Company jointly, which the respondents admit by demurring to the complaint. (*Tew* v. *Wolfsohn*, 174 N. Y. 278.) The complaint states facts sufficient to constitute a cause of action against the respondents. (*Olcott* v. *Carrol*, 39 N. Y. 438; *Coatsworth* v. *L. V. R. R. Co.*, 156 N. Y. 451; *Tew* v. *Wolfsohn*, 174 N. Y. 274; *Moss* v. *Cohen*, 158 N. Y. 240; *R. R. Co.* v. *Robeson*, 133 N. Y. 246; *Sanders* v. *Soutter*, 126 N. Y. 195; *Zebley* v. *F. L. & T. Co.*, 139 N. Y. 465; *Schilling Co.* v. *Reed*, 94 App. Div. 500.)

*Henry C. Hunter* for respondents. The Appellate Division had power to dispose of the appeal as it did, and its order of affirmance was not, when considered in its application to this extraordinary assemblage of allegations, inconsistent with the theory announced in the court's opinion. (*Guilfoyle* v. *N. L. Assn.*, 36 App. Div. 343; *Matter of Fitzsimmons*, 174 N. Y. 15; *Matter of Chapman*, 162 N. Y. 450.)

CHASE, J. The defendants Ferguson demurred to the plaintiffs' complaint upon the grounds, *first*, that the complaint does not state facts sufficient to constitute a cause of action as against them; *second*, that it appears upon the face of the complaint that causes of action have been improperly united therein.

The demurrer was sustained at the Special Term upon the ground that the complaint does not state facts sufficient to constitute a cause of action as against the defendants Ferguson. An appeal was taken from the interlocutory judgment entered thereupon to the Appellate Division, where it was affirmed without expressing in the order affirming the judgment any grounds therefor, but it appears by the opinion of the Appellate Division that a majority of the members of the court were of the opinion that the complaint states a cause of action against the defendants Ferguson and that it also states a cause of action against the defendant The New England Navigation Company, and that such causes of action have

been improperly united in the complaint. The interlocutory judgment sustaining said demurrer was affirmed.

Final judgment has been entered against the plaintiffs in favor of the defendants Ferguson upon the order affirming the interlocutory judgment. The appellants insist in this court that the Appellate Division was restricted in its consideration of the appeal to the question as to whether the complaint states facts sufficient to constitute a cause of action against the demurring defendants.

The contention of the appellants upon that question arises from their confusing the power of appellate courts in determining appeals involving questions of fact with appeals involving questions of law.

It is one of the fundamental principles of our law that questions of fact are to be tried and determined in a court of original jurisdiction, and it is not the appropriate function of an appellate court sitting as such to determine controverted questions of fact and render final judgment upon such determination. (*Duclos* v. *Kelley*, 197 N. Y. 76; *Benedict* v. *Arnoux*, 154 N. Y. 715, 724; *Moffet* v. *Sackett*, 18 N. Y. 522; *Altman* v. *Hofeller*, 152 N. Y. 498; *Matter of Chapman*, 162 N. Y. 456.)

There is an exception provided by statute by which the Appellate Division is given authority to decide questions of fact and receive further testimony in case of certain appeals from the Surrogate's Court (Code Civ. Pro. § 2586), and a submitted controversy to a court of record is tried in the Appellate Division of the Supreme Court, but the facts upon which the controversy depends must be stated by the parties. (Code Civ. Pro. §§ 1279–1281.)

Where a judgment is reversed final judgment cannot be rendered by the appellate court unless the facts are conceded, uncontrovertibly established by record or otherwise, or found by the trial court. (*Duclos* v. *Kelley*, *supra*; *Matter of Chapman*, *supra*.)

These rules, however, do not apply where the issue to be determined is solely one of law.

A demurrer raises an issue of law. (Code Civ. Pro. § 964.) In deciding an issue of law the appellate court may affirm or reverse an order or judgment upon any ground and for any reason that such court may decide to be controlling, regardless of the ground or reason stated in deciding such issue by the Special or Trial Term.

It appears from the complaint that the defendant The New England Navigation Company is a foreign corporation, engaged in carrying and transporting goods, wares and merchandise as a common carrier for hire and in operating certain specified lines to seacoast towns. The defendants Ferguson are copartners "engaged in the trucking and express business and the carrying and transporting of goods, wares and merchandise for hire in and about the borough of Manhattan, City and State of New York, as a common carrier for hire." The complaint alleges: "Fourth. That heretofore and on or about the 26th day of December, 1906, plaintiffs above named, in the borough of Manhattan, City and State of New York, delivered to defendants above named one case of goods, wares and merchandise, designated by the number 2291, the contents of which is more particularly set forth in Schedule 'A' hereunto annexed and made a part of this complaint, properly packed, marked and consigned to Jordan Marsh Company, Boston, Mass., which said defendants accepted as such common carriers for the purpose of carrying and delivering them to said consignee, for and in consideration of a reasonable reward to be paid therefor."

It is further alleged in the complaint that the defendants wholly failed and omitted to deliver said goods to said consignee; that demand has been made therefor; that the defendants refuse to deliver the same; and that Jordan Marsh Company has sold and transferred to the plaintiffs all right, title and interest in and to the claim upon which the action is founded. Judgment is demanded for the value of the case of goods.

There is no statute to prevent two or more persons from jointly, or jointly and severally, contracting to transport a

case of goods from one place to another.   It may be the common practice as claimed, where a case of goods is transported from the city of New York to the city of Boston by way of coastwise lines, to deliver the same to a local truckman for transportation from the place of business of the consignor to the navigation company, and that the navigation company then receives it for transportation to the city of the consignee. In such case when the local truckman makes the delivery to the navigation company he so completes his contract as to be free from any liability to the consignor.

It is possible that it will appear upon the trial that the case of goods was so given. to the, demurring defendants, the local truckmen, and that it was delivered by them to the navigation company, and that evidence of a joint agreement by the defendants to transport the case of goods cannot be shown. The Special Term assumed that the proof upon a trial would be in accordance with such possibility, and that as the complaint shows a delivery to the navigation company, no cause of action was stated as against the demurring defendants. The Appellate Division, however, has assumed that there is in the complaint an independent and separate charge of violation of contract against the demurring defendants and the navigation company and that consequently two causes of action are improperly united in the complaint, and for that reason the demurrer should be sustained.

Upon a demurrer only the allegations of the pleading are to be considered.   No inference or assumption can be indulged in except such as properly arises from the pleading to which the demurrer is served.   The plain language of the fourth paragraph of the complaint charges a joint promise on the part of the defendants to accept the goods in the city of New York and transport them to the consignee and of a failure on the part of the defendants to perform their contract.   The complaint, therefore, states one cause of action against both defendants.

The judgment of the Special Term and of the Appellate Division should be reversed and judgment rendered for plain-

tiffs on demurrer, with costs in all courts, with leave to the defendants to withdraw demurrer and serve answer within twenty days on the payment of such costs.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment accordingly.