WILLIAM H. WOOD, Respondent, *v.* UGO PACE, Appellant.

Third Department, May 4, 1927.

Motor vehicles — accident occurred between crossings — plaintiff left sidewalk in front of parked automobile and was struck almost immediately he passed said automobile — there was no other obstruction to plaintiff's view — defendant was where he had right to be and was proceeding at legal rate of speed — negligence cannot be based on fact that there was trolley stop on opposite side of street — plaintiff was guilty of contributory negligence as matter of law.

This is an action to recover damages for injuries suffered by the plaintiff when he was struck by defendant's automobile as he was crossing a city street between regular crossings. The evidence shows that the plaintiff left the curb, started to cross the street in front of a parked automobile, and that as he stepped from

in front of this automobile the defendant's automobile approached at a speed of between twenty and twenty-eight miles per hour and struck the plaintiff, although he endeavored to jump back to avoid the collision. The contention by the plaintiff that the defendant was guilty of negligence in that he was driving at an excessive rate of speed is not sustained by the evidence, and his contention that the defendant was driving at an excessive rate of speed at a place where the trolley cars took on and discharged passengers is not sustained by the evidence which shows that the trolley stop was for passengers boarding cars on the opposite side of the street and was not a stop for the side of the street from which plaintiff started.

Furthermore, the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law, for it appears that there was no congestion of traffic, that the only obstruction of his view was the parked automobile in front of which he passed, and that if he had looked, as he testified, he would have seen the automobile of the defendant approaching at a legal rate of speed and on a portion of the street where it had a legal right to be.

DAVIS and WHITMYER, JJ., dissent, with opinion.

APPEAL by the defendant, Ugo Pace, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 26th day of February, 1926, upon the verdict of a jury for $1,000.

*Ainsworth, Sullivan & Archibald [Walter S. Archibald and Nelson R. Pirnie* of counsel], for the appellant.

*Miller, Beyerl & Wallace [Thomas W. Wallace, Jr.,* and *Harold R. Beyerl* of counsel], for the respondent.

McCANN, J.   This action was brought by the plaintiff to recover for personal injuries sustained as the result of a collision with defendant's automobile. The accident occurred on January 17, 1925, on a street in the city of Schenectady. This street runs in an easterly and westerly direction in front of Sherman's hardware store which is located on the north side thereof and at a point variously estimated at from 75 to 300 feet westerly from a curve in said street. The plaintiff came out of said store and attempted to cross the street in front of the store in the middle of the block, or between two regular crossings. An automobile was parked along the curb in front of the store and was headed in a westerly direction. Plaintiff testifies that in starting to cross the street he stepped in front of this auto. Before he left the curbstone he looked both ways up and down and saw nothing; furthermore that as he stepped in front of the parked car, the defendant's automobile approached from his left and came right up to him; that as he passed in front of the parked car, he looked but that he did not see the defendant's car until it struck him. When he saw the car he suddenly dodged back to avoid being struck by the front of the defendant's car and that thereupon the handle of the door on defendant's car struck him on the chest, knocking him to

the pavement.  Plaintiff further testified that he was from eight to nine feet from the curb when he was struck; that it was about three feet from the side of the parked car to the first rail of the double trolley line which runs through said street.  Opposite the hardware store there was a car stop where it appears passengers were frequently discharged and received on the street car.  Plaintiff testified that he was crossing the street for the purpose of taking the trolley car at said stop.  Although the complaint sets forth several grounds of negligence, upon the argument it was stated that the specific negligence charged was that the defendant was driving at too great a speed on a public highway between intersections, and opposite a place where trolley cars took on and discharged passengers.  The stop in question was on the southerly side of the street.  Defendant's car was on the northerly side of the street and astride the northerly rail of the trolley tracks.  The trolley stop was for the use of passengers riding on the east-bound cars.

There is no evidence that defendant was negligent.  He was driving to the right of the center of the street where he had a full right to drive.  There was no street crossing where the accident occurred.  There was no other vehicle or obstruction in the street. Neither was there any congestion of traffic.  There was no occasion for him to believe that any one would pass into the street from the far side of the car parked at the curb.  Nor was there any duty resting upon him to sound his horn to warn some unseen person who might rush into the street in front of his car.  He was not driving at an excessive speed under the existing circumstances. The only witness as to the speed of the defendant's car says that he knows little or nothing about the speed of a car; that this car might have been going anywhere from twenty-one to twenty-eight miles per hour, but it was not going less than twenty miles an hour. There is no evidence that the defendant did anything that he ought not to have done, nor was he committing any act of omission by reason of which he contributed in any degree to the plaintiff's injury.

As a matter of law plaintiff's negligence was the cause of his injury.  He went from the north curb into the street where any traffic going west would rightfully be passing and if he had passed across the westerly end of the parked car and such car obstructed his view east he should have looked toward the east before going into the immediate line of west-bound traffic.  He did not look else he would have seen defendant's car approaching.  There was no obstruction to his view and before he had gone three feet beyond the parked car defendant's car struck him.  He stepped into the line of traffic, a place of danger, without looking.  Indeed, one .

of plaintiff's witnesses, who was on the opposite sidewalk, says he saw defendant's car coming when it was 125 to 150 feet east of plaintiff. If so, why did not the plaintiff see it? If it could be argued that the defendant ought to have seen plaintiff in this place where pedestrians were not expected to be, how can the plaintiff be excused from seeing the automobile where west-bound traffic would be expected to be. If a jury could find that defendant should have seen the plaintiff and avoided hitting him, it must likewise find that the plaintiff should have seen the defendant's car and avoided being hit.

The judgment should be reversed and the complaint dismissed, with costs.

VAN KIRK, Acting P. J., and HINMAN, J., concur; DAVIS, J., dissents, with an opinion in which WHITMYER, J., concurs.

DAVIS, J. (dissenting). The decision about to be made sets aside a verdict in favor of the plaintiff. The complaint is dismissed on the ground that the defendant was not negligent, and plaintiff was guilty of contributory negligence as a matter of law.

I understand the rule to be that where a verdict is directed or a complaint is dismissed, there must be no evidence which presented a question of fact in favor of the plaintiff. (*Carlisle* v. *Norris*, 215 N. Y. 400, 403; *McConnell* v. *Hellwig*, 190 App. Div. 244.) If there is conflict in the evidence, the verdict is deemed to have settled it favorably to the plaintiff (*Ozogar* v. *Pierce, B. & P. Mfg. Co.*, 134 App. Div. 800); and on such dismissal plaintiff is entitled to have considered favorably every fact established on the trial, and must be given the benefit of the most favorable inferences that can be drawn from all those facts. (*Westfall* v. *Leamon*, 198 App. Div. 1; *Hancock* v. *Steber*, 208 id. 455; *Foulke* v. *N. Y. Consolidated R. R. Co.*, 228 N. Y. 269, 271.)

It is only when the right of recovery rests upon conceded facts or those that are undisputed and cannot be varied upon another trial, that an appellate court is justified in awarding final judgment. (*Dixon* v. *James*, 181 N. Y. 129; *Riker* v. *Gwynne*, 201 id. 143.) It will render such judgment only where it is perfectly plain that no possible state of proof directed to the issue will permit a plaintiff to recover. Upon reversal, unless it appears with certainty that plaintiff cannot in any event make proof sufficient to sustain the cause of action, a new trial must be ordered. (*Foot* v. *Ætna Life Ins. Co.*, 61 N. Y. 571; *Heller* v. *Cohen*, 154 id. 299; *Seaward* v. *Davis*, 198 id. 415.) The additional powers conferred by section 1317 of the Code of Civil Procedure and section 584 of the Civil Practice Act do not contemplate that in cases tried before a jury

the appellate court is empowered to act as an "appellate jury" and reach a different conclusion on disputed facts, rejecting the facts accepted and the inferences made by the jury and drawing new inferences as the basis of a final determination. (*Getty* v. *Williams Silver Co.*, 221 N. Y. 34, 39.) It is a fundamental principle that questions of fact are to be tried in a court of original jurisdiction. (*Hirsch* v. *New England Nav. Co.*, 200 N. Y. 263, 265.)

In this case there is evidence that plaintiff came out of a store on the north side of Broadway in Schenectady (a street there running east and west) and started to cross in the usual manner to a stop for street cars on the south side. The street car he proposed to take was already in sight. An automobile headed west was parked on the north side of the street near the store. It does not appear whether it was an open or closed car, or how much it obstructed the view. The street is 55 feet wide, paved, and double street car tracks are laid in it. The plaintiff stopped at the curb, looked both ways, passed in front of the car at the "crossover," and went forward, looking both ways again. To his left at a distance estimated by witnesses at from 50 to 300 feet, the street turned at right angles thereby obscuring his view of an automobile coming from that direction until it made the turn, although of course it could be seen earlier by a witness standing across the street. He proceeded several feet (there is dispute as to the distance) to a point near the northerly rail of the street car track when he saw defendant's automobile bearing down upon him, coming about twenty-five miles per hour — faster than the average speed at which cars ran there. There were no other automobiles on the street at the time. Believing that he was about to be run over, plaintiff jumped back but was struck by the handle of the door, knocked down and seriously injured. Defendant went on for 150 to 200 feet when he stopped for a second and then turned into a side street and went on until a bystander who had witnessed the accident stopped him and took the number of his car. He said to this witness, "he ran in front of me." It does not appear that defendant returned even then. On the trial he denied all knowledge of the accident.

The accident occurred January 17, 1925, and there was ice and snow on the street. It does not appear that the defendant gave any warning of his approach to the man directly in his path as the law requires (Gen. Highway Traf. Law, § 13, subd. 2), checked the speed of his car or turned it from its course to avoid plaintiff. It is a fair inference that the defendant was not vigilant; that he exercised no care whatever to avert the accident; and that in view of the icy condition of the street he was proceeding at a

reckless rate of speed at a point where pedestrians might be expected to cross. The plaintiff had twice looked to see that the way was safe before he went into the street. He was not bound as a matter of law to look again. (*Carr* v. *Pennsylvania R. R. Co.*, 225 N. Y. 44; *Knapp* v. *Barrett*, 216 id. 226.) He made diligent effort to extricate himself from his position of peril, and probably would have escaped had defendant given any warning of his approach or checked the speed of his car.

These are the facts and inferences supporting the verdict that defendant was negligent and plaintiff free from blame. Upon this state of facts the complaint is now dismissed. It seems to me that under such a rule a pedestrian would have no right to cross a street at any time it was being used by an automobile. I do not assent to that doctrine; nor do I believe the courts should be zealous to find a man guiltless who runs away when his automobile has knocked a man down helpless in the street.

The case is similar in its facts to *Kupperberg* v. *American Druggists Syndicate, Inc.* (212 App. Div. 311) where a judgment dismissing the complaint was reversed. (See, also, *Redmond* v. *Maitland*, 23 App. Div. 194.)

I dissent and vote for affirmance.

WHITMYER, J., concurs.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.