APRIL et al. v. BAIRD et al.

(Supreme Court, Appellate Division, Second Department. July 7, 1898.)

ASSOCIATIONS—ACTIONS AGAINST OFFICERS AND MEMBERS.

The provision of Code Civ. Proc. § 1922, that, where an action has been brought against the president or treasurer of an unincorporated association, another action against the members thereof cannot be instituted until final judgment in the former action and the return of an execution unsatisfied, only applies to the liability of members of the association as such, and accordingly an action may be maintained against both the officer and the individual members to recover damages for a conspiracy, where the individual defendants are charged with personal wrongdoing.

Appeal from special term, Kings county.

Action by John April and Thomas Keenan against Andrew D. Baird, individually, and others. From a judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Albert G. McDonald, for appellants.

Paul Eugene Jones (Paul E. De Fere, on brief), for respondents.

CULLEN, J. This action is brought against the defendants individually, and against the defendant Andrew D. Baird also as president of an unincorporated association of more than seven members, to recover damages for a conspiracy and combination to prevent the plaintiffs from carrying on their trade of buying, cutting, and selling free stone in the city of Brooklyn. The individual defendants demur on the ground that the complaint does not state facts sufficient to constitute a cause of action against them, and that several causes of action are improperly united.

The principal objection urged to the maintenance of this action against the individual defendants is that under sections 1919 to 1924, Code Civ. Proc., where an action has been brought against the president or treasurer of an unincorporated association, another action against the members of the association cannot be instituted until after final judgment in the action against the association, and the return of an execution thereon unsatisfied in whole or part. As to the defendants other than Baird, it does not appear in the complaint that they are members of the association. This disposes of the demurrer of those defendants. As to Baird, however, the question is presented. The intent and purpose of these sections of the Code is plain. It is to relieve such an association or persons having claims against it from the necessity of making all members of the association parties to any action that may be brought by or against it. But equally plainly this only applies to the liability of members of the association as such. A joint-stock company, such as an express company, might, with one of its individual members, make a joint promissory note. A member might draw a draft on the association, which was accepted by it. A member might become surety for the performance by the association of some contract. In all these cases, upon default in the obligations of the association, both it and the

individual member could be sued in the same action, for the liability of the individual would be personal, and not as a member of the association. Certainly, it was not intended to give a member of such an association any greater immunity from suit on his obligations. than he would have were the association a corporation, and he a stockholder thereof. The same principle is applicable to the torts of the association. If a person was negligently injured by the driver of an express wagon, in the discharge of his duty, the driver and the joint-stock company could be sued in the same action as joint tort feasors. (Phelps v. Wait, 30 N. Y. 78); and the fact that the driver was a member of the express company would not change the rule. In the complaint before us the individual defendants are charged with personal wrongdoing. If on the trial this is established, then the judgment will go against them as well as against the association. If it is not established, then the complaint should be dismissed as to them, even though the association be held, and the individual defendants, as members of that association, thereafter become liable for the obligation of the association. The objection that the statute of limitations has run against the plaintiffs' claim can be taken advantage of only by answer. Code, § 413.

The interlocutory judgment appealed from should be affirmed, with costs, with leave to the defendants to answer on payment of costs of the demurrer and of this appeal.

Interlocutory judgment affirmed, with costs, with leave to the defendants to withdraw demurrer and serve answer within 20 days, on payment of costs of demurrer and of this appeal. All concur.