## MURPHY v. EIDLITZ.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

MALICIOUS PROSECUTION—DEFENSES—ACTS IN BEHALF OF ANOTHER—PERSONS LIABLE.

The fact that one who instituted a malicious prosecution acted in doing so as an officer of a corporation was no defense to an action against him.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, § 83; vol. 12, Cent. Dig. Corporations, § 1904.]

Appeal from Special Term, New York County.

Action by Thomas J. Murphy against Charles L. Eidlitz. From a judgment overruling a demurrer to an affirmative defense, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

William S. Maddox, for appellant.
Charles Cohn, for respondent.

WOODWARD, J. The plaintiff brings this action for malicious prosecution, in that the defendant falsely, maliciously, and without probable cause made a sworn complaint, accusing the plaintiff of grand larceny in the theft of $45 from the Metropolitan Switchboard Company, on which complaint the plaintiff was arrested and held to bail, but discharged after an examination. The defendant answered, denying all of the allegations of the complaint except the fact that the plaintiff was taken before a police magistrate and arraigned, and that he gave bail for his appearance. As a defense he alleges some matters in connection with the Metropolitan Switchboard Company not necessary to this discussion, and in the sixth paragraph of the answer the defendant, "for a further, separate, and distinct defense, * * * alleges that in making the complaint as aforesaid he was acting as an officer of the said corporation, and not as an individual in his private capacity." The plaintiff demurs to this paragraph as a defense, and the interlocutory judgment overrules this demurrer.

We are of opinion that the court erred in thus disposing of the demurrer. The fact alleged is not stated to be pleaded as a partial defense, as provided by section 508 of the Code of Civil Procedure, if it could be urged that it was in any measure a defense. This is an ac-

tion in tort, and the fact that some one other than the defendant took part in the act, or that he acted in behalf of some one else, whether a person or a corporation, is of no possible consequence. "In such case the plaintiff may proceed against any one, all, or such number of the wrongdoers as he may choose." Roberts v. Johnson, 58 N. Y. 613, 616; April v. Baird, 32 App. Div. 226, 227, 52 N. Y. Supp. 973. He may have a cause of action against the corporation for procuring this arrest, but he has also a cause of action against the defendant, acting as the agent of such corporation, or in his individual capacity, and the fact alleged does not, therefore, constitute a defense, and the demurrer should have been sustained.

The interlocutory judgment appealed from should be reversed, with costs. All concur.