### S. JONAS CO. v. FRIEDLANDER.

(Supreme Court, Appellate Term, First Department. January 7, 1916.)

LANDLORD AND TENANT ⬦⟶231—RENT—ACTIONS—EVIDENCE.

    Evidence that an unincorporated benevolent association by resolution directed a committee of four to "sign and lease new lodge rooms," and two members of the committee negotiated a lease, and one member told the lessor that the lodge treasurer would sign the lease, as he subsequently did, and thereafter three of the committee asked a release, does not show negotiation or ratification of the lease, binding upon the lodge.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. ⬦⟶231.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action for rent by the S. Jonas Company against Jacob H. Friedlander, as Noble Grand of Lenox Lodge, No. 211, I. O. O. F. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Samuel Wolbarst, of New York City, for appellant.
Henry Amster, of New York City, for respondent.

BIJUR, J. Plaintiff sues a lodge of the I. O. O. F. for rent under a year's lease. Appellant urges the necessity of showing an agreement binding on *all* the members of an unincorporated association for benevolent purposes as distinguished from one for pecuniary profit— citing McCabe v. Goodfellow, 133 N. Y. 89, 30 N. E. 728, 17 L. R. A. 204; April v. Baird, 32 App. Div. 226, 52 N. Y. Supp. 973; Ostrom v. Greene, 161 N. Y. 361, 55 N. E. 919.

This principle is not contested by respondent; but appellant urges, as I understand it, that no authority to bind the members of the lodge is shown in the persons with whom plaintiff first negotiated, or in one H. Cohen, who signed the lease. Appellant's point seems to be well taken. The only evidence of authority in any one to make this lease is a copy of a resolution offered in evidence by defendant, which shows the appointment of a committee of four with full authority to "sign and lease new lodge rooms."

Plaintiff testifies to two interviews, at the first of which, when the "lease" was originally negotiated, two members of the committee were present. He then says that one member of the committee, who presumably was the master of the lodge, told him that the treasurer, H. Cohen, would sign the lease, as he subsequently did. Thereafter a committee of three called and asked to be released. It does not appear what persons constituted this alleged second committee, except from the evidence of a witness on behalf of the defendant, who says that it comprised two members of the committee of four. It is therefore quite evident that plaintiff has failed to show either a negotiation of a contract or a ratification by persons authorized to bind the lodge.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.