# APPELLATE DIVISION

### OF THE

# SUPREME COURT

### OF THE

## State of New York.

---

LEROY WESTFALL, Appellant, v. HARVEY LEAMON and EMMA
LEAMON, Respondents.

### Third Department, July 7, 1921.

Negligence — action against owners of house to recover for injuries
received in falling over rope stretched across sidewalk — rope laid
there by municipal authorities as precaution against falling
building — failure of defendant to place light thereon not negli-
gence — defendants not joint tort feasors.

In an action against the owners of a house, mother and son, to recover for
injuries received by falling over a rope stretched across the sidewalk in
front of the house, it appeared that the rope was placed there by the
municipal authorities because of the possibility that a wall of the building
might fall into the street; that the mother removed the rope during the
day time on the advice of her son that the building was safe, but replaced
it in the evening and asked the municipal authorities for a light to be
put up as a warning; that no light was furnished, and that the plaintiff
in passing along the sidewalk tripped over the rope and fell receiving the
injuries for which he claims damages.

Held, that the fact that the son owned an interest in the building cannot
subject him to liability for injuries received upon the street outside of
and away from the building in which he had such interest, and where the
injuries were caused by something over which he had no control;

That the mother was not liable, since she did not place the rope, and liability
cannot be predicated on the failure to put a light up as a warning, since
that duty rested upon the municipality and nothing that the mother did con-
tributed to the omission of the public authorities to perform their duties.

The defendants cannot be regarded as joint tort feasors.

Third Department, July, 1921.          [Vol. 198

APPEAL by the plaintiff, Leroy Westfall, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Schenectady on the 18th day of February, 1920, upon the dismissal of the complaint at the close of the case.

*Leary & Fullerton* [*Walter A. Fullerton* and *Edward H. Gilhouse* of counsel], for the appellant.

*Alexander H. Leamon*, for the respondents.

KILEY, J.:

Plaintiff alleges and defendants admit that defendants are the owners of certain real estate and buildings situate at 107 South Church street in the city of Schenectady; that South Church street is a public and much traveled highway. The evidence discloses that at the side of the building named and in question here there was an alley, and that early in the morning of the 26th of May, 1917, that portion of said building facing said alley caved in and it led to the conclusion that other parts might fall making it dangerous for any one to enter the alley or travel the street. The attention of the city authorities was called to this condition and that morning the space of the sidewalk fronting the building was roped off. The rope was strung about three feet above the level of the ground. This was about nine-forty-five A. M. About six-thirty P. M. the fire captain received information that the rope was down; he went to the place in question; the rope was gone; he returned to the station and was sent back to the building and found the defendant Emma Leamon had put the rope up again where it had been placed in the morning. The defendants are mother and son, and the mother explained that her son, the other defendant, told her the building was safe and that there was no occasion for blocking the sidewalk. There was no light or warning to show that the sidewalk had been blocked, other than the rope. The police had been there to put up lights while the rope was down and previous to seven P. M. Defendant asked for a light to be put up and was told that the fire department had none but that the police department would be called on to furnish the lantern. A light was not furnished. The plaintiff was a street car con-

ductor, and had to take a car out about eight o'clock or soon after. He says he was hurrying to the place where he was to take his car and in so doing came along this street; he said he was "jogging;" it may be assumed he was going faster than a walk; he tripped over this rope, and in his fall to the sidewalk he received the injuries for which he brought this action. The trial court, at the close of the evidence, directed a verdict in favor of the defendants. This appeal is from the judgment entered upon that verdict dismissing the complaint. In determining whether a proper disposition was made of the question involved, plaintiff must have the most favorable inference that can be drawn from all of the facts presented upon the trial. (*Kraus* v. *Birnbaum*, 200 N. Y. 130; *Porges* v. *United States Mortgage & Trust Co.*, 203 id. 181, 186.) By a process of elimination the consideration of the question of whether the defendants were guilty of negligence, and thus liable to plaintiff, if there was any liability anywhere, can be simplified. The part of the wall that fell in did not front on the street, and no part of the wall fronting on the street ever fell or injured any one so far as this record discloses. The only connection that the defendant Harvey Leamon had with the circumstances constituting the alleged negligence is that: *First*, he owned an interest in the building, and *second*, that he told the other defendant, his mother, that it was not dangerous and that there was no necessity apparent for blocking the sidewalk. That he owned an interest in the building cannot subject him to liability for injuries received upon the street outside of and away from the building in which he had such interest. So far as this record discloses what he told his mother was true, viz., that there was no danger to be apprehended because of the alleged unsafety of the building. So far as the record discloses that statement was true. The plaintiff was injured, if at all, from something upon the sidewalk over which said defendant had no control. The direction of the verdict as to him, at least, was proper. As to the other defendant, she did not put up nor cause to be put up the rope; she did take it down during the day, and she put it back at seven o'clock, which on the twenty-sixth day of May was light enough for any one to see it; no one was injured while it was down; hence no cause for a charge of negligence can be

predicated upon what she did up to the time of and after she put back the rope. The evidence shows that she put it back as she found it, viz., about three feet from the ground. There is only one other possible reason that can be assigned as a ground of negligence against this defendant or any one else, and that is the failure to put up a light as a warning. This sidewalk was on a public street over which, so far as appears from this record, defendant had no control and with which she had no license to interfere. The duty of maintaining the streets in a safe condition was upon the municipality, and that duty was absolute. (*Turner* v. *City of Newburgh,* 109 N. Y. 301.) She did not put out a light, but before the accident, an hour before, she called on the city authorities to furnish one; it was stated to her that the police department would be communicated with and told to furnish one. So far the only negligence that can be imputed to any one is the failure to put out the light; that duty devolved upon the city; nothing that this defendant did contributed to that omission, so if she can be held on the charge of negligence at all, it is because she did not do what the city was bound to do, and had notice to do; it is because she did not do what she was in no way bound to do, viz., protect the public from a danger in no way connected with her or for which she was chargeable. We have seen that the wall had not, at the time, caved in on the street side, and has not since so far as the evidence shows. The absence of the light was an admitted duty of the city; the defendant was not called upon to put out red lights because the city failed. The appellant urges that defendants should be regarded as joint tort feasors, and relies on *Murphy* v. *Eidlitz, No. 2* (113 App. Div. 659); *Tremblay* v. *Harmony Mills* (171 N. Y. 598). *Murphy* v. *Eidlitz* (*supra*) has no application to the facts in this case, and *Tremblay* v. *Harmony Mills* (*supra*) is illustrative of the several other cases cited by appellant; it is where a private person is using the sidewalk for purposes of his own, and in his own interest, and for his own convenience. In such case the owner of the building or the business, in connection with which the obstruction on the sidewalk was created, is held liable, and the city is held liable when it has active or constructive notice of the obstruction. It is not urged that placing a rope as a guard

was improper on the part of the city. It was probably a wise precaution. Defendant would not have had the legal right to do it, and it ·is not claimed that she did any illegal act. She did not have any legal right nor moral responsibility to do more than she did do about the placing of a light as a warning upon the sidewalk. Dillon on Municipal Corporations (5th ed. p. 3033, § 1729) states the rule contended for by respondents, and is controlling on this appeal. .

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.